J-S17007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN RYAN CARR, | |
| Appellant | No. 430 WDA 2015 |

Appeal from the PCRA Order February 4, 2015
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000026-2009, CP-33-CR-0000125-2009, CP-33-CR-0000126-2009, CP-33-CR-0000127-2009

BEFORE:  GANTMAN, P.J., SHOGAN and FITZGERALD,[*] JJ.

CONCURRING AND DISSENTING MEMORANDUM BY SHOGAN, J.:

**FILED:  APRIL 14, 2016**

I join in the learned Majority's apt analysis of Appellant's first issue presented on appeal, *i.e.*, that the revocation court abused its discretion in resentencing Appellant outside of the bounds of his original plea agreement. Appellant's Brief 4.  However, I am compelled to write separately to register my dissent and concern with regard to Appellant's second issue, *i.e.*, that the sentence imposed upon revocation of Appellant's probation is illegal pursuant to recent developments in case law involving mandatory minimum sentences.  *Id*.

---

[*]  Former Justice specially assigned to the Superior Court.

My review of the certified record in this matter reflects the following history. On February 17, 2010, Appellant pled guilty to four counts of delivery of a controlled substance in Jefferson County. On that same date, pursuant to a plea agreement, the trial court sentenced Appellant terms of incarceration of fourteen months to three years, to be followed by two years of probation for each conviction. The sentencing court directed that all four sentences were to run concurrently. While Appellant was released on supervision, he committed new crimes in Clarion County.[1]

On September 18, 2013, the Jefferson County Court of Common Pleas held a *Gagnon II* revocation hearing relating to the four docket numbers listed in this case. At the hearing, the revocation court took judicial notice of Appellant's guilty plea and sentence in Clarion County and revoked Appellant's probation. At the conclusion of the *Gagnon II* hearing, the revocation court sentenced Appellant to serve consecutive terms of incarceration of five to fifteen years on each of the four counts of delivery of a controlled substance. Thus, Appellant received an aggregate sentence of incarceration of twenty to sixty years. In addition, the revocation court ordered Appellant's new sentence to run consecutively to Appellant's Clarion

---

[1] Appellant pled guilty in the Clarion County Court of Common Pleas to delivery of a controlled substance, drug delivery resulting in death, criminal use of communication, and abuse of a corpse. In Clarion County Appellant was sentenced to an aggregate term of incarceration of eight to sixteen years.

County sentence. Appellant filed a motion for reconsideration of sentence, which was denied. Appellant took a direct appeal, and this Court affirmed his judgment of sentence on June 16, 2014. *Commonwealth v. Carr*, 1699 WDA 2013, 105 A.3d 34 (Pa. Super. filed June 16, 2014) (unpublished memorandum).

Appellant timely filed the instant PCRA petition, and the PCRA court appointed counsel. Thereafter, PCRA counsel filed a petition to withdraw and a *Turner/Finley* "no-merit" letter.[2] On that same date, the PCRA court permitted counsel to withdraw and issued its Pa.R.Crim.P. 907 notice of intent to dismiss the PCRA petition without a hearing. Appellant then filed a *pro se* response. The PCRA court dismissed the PCRA petition on February 4, 2015. This timely *pro se* appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

In his second issue presented to this Court on appeal, Appellant argues that the revocation court imposed illegal mandatory minimum sentences for his convictions of possession with intent to deliver. Appellant's Brief at 13-17. Specifically, Appellant contends that his minimum sentences of five years of incarceration were mandatory minimum sentences imposed

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

pursuant to 18 Pa.C.S. § 7508, and are in violation of **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and its Pennsylvania progeny.[3]

In **Alleyne** the United States Supreme Court determined that any fact that increases a mandatory minimum sentence is an element of the crime, not a sentencing factor, and must be submitted to the jury to be determined beyond a reasonable doubt. **Alleyne**, 133 S.Ct. at 2155, 2161, 2163. The Court in **Alleyne** noted that "the essential Sixth Amendment inquiry is whether a fact is an element of the crime. When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." **Id**. at 2162. **Alleyne** was decided on June 17, 2013, three months prior to the imposition of Appellant's probation revocation sentence.

Since the decision in **Alleyne**, and after imposition of Appellant's probation revocation sentence on September 18, 2013, this Court has struck down numerous mandatory minimum sentencing statutes. Of particular import in this case is our *en banc* decision in **Commonwealth v. Vargas**, (Pa. Super. 2014) (*en banc*), which held that, pursuant to **Alleyne**, as well as this Court's decisions in **Commonwealth v. Newman**, 99 A.3d 86 (Pa.

---

[3] It requires mention that Appellant did not raise this specific issue challenging the legality of his sentence before the PCRA court or at any time prior to presenting it to this Court on appeal. However, as discussed by the Majority, "a challenge to a sentence premised upon **Alleyne** … implicates the legality of the sentence and cannot be waived on appeal." **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*)**.**

Super. 2014) (*en banc*) and ***Commonwealth v. Valentine***, 101 A.3d 801 (Pa. Super. 2014), 18 Pa.C.S. § 7508 is unconstitutional and concluded that a mandatory minimum sentence imposed under the statute is illegal. ***See also Commonwealth v. Fennell***, 105 A.3d 13, 20 (Pa. Super. 2014) (holding that, notwithstanding the fact triggering the imposition of a mandatory sentence under 18 Pa.C.S. 7508 was stipulated to at trial, the statute was unconstitutional); ***Commonwealth v. Cardwell***, 105 A.3d 748 (Pa. Super. 2014) (holding trial court erred by imposing mandatory minimum sentence under Section 7508, even where parties stipulated to weight of drugs; applying ***Newman*** and its progeny, and concluding that Section 7508(b) is not severable from remainder of statute; and remanding for resentencing without imposition of mandatory minimum sentence). Therefore, pursuant to the current case law, a mandatory minimum sentence imposed under 18 Pa.C.S. § 7508 is illegal.[4]

_____

[4] Case law authored by this Court is controlling unless the Supreme Court rules otherwise. Indeed, we must follow the decisional law established by our own Court. ***Commonwealth v. Santiago***, 980 A.2d 659, 666 n.6 (Pa. Super. 2009).

Furthermore, recently in ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015), our Supreme Court, in a direct appeal filed by the Commonwealth from an order of the Court of Common Pleas, relied upon ***Alleyne*** and struck down as unconstitutional the mandatory minimum sentencing scheme regarding drug-free school zones set forth in 18 Pa.C.S. § 6317. In pertinent part, the Court in ***Hopkins*** refused to sever the violative provisions from the statute, which was the same determination reached by this Court in ***Newman***.
*(Footnote Continued Next Page)*

Instantly, my concern is that the probation revocation court may have imposed an illegal mandatory minimum sentence under section 7508 when it sentenced Appellant to a minimum term of incarceration of five years for each of the four counts of delivery of a controlled substance. After reviewing the transcript of the probation revocation hearing and sentencing, it is apparent that the revocation court did not specifically mention application of section 7508.[5] However, given the length of the revocation sentence and the fact that we have held section 7508 to be unconstitutional, I believe that an abundance of caution should prevail in this circumstance. Therefore, I suggest that the more prudent approach would be for this Court to remand the matter to the PCRA court for a specific determination of whether the illegal statute was considered or utilized in fashioning Appellant's sentence after his probation was revoked.[6]

Moreover, the probation revocation court alluded to the fact that it was relying upon multiple documents in fashioning Appellant's sentence. Specifically, the court made the following statement prior to imposing the instant sentence:

*(Footnote Continued)* —————————

[5] Appellant has conceded that "the court did not mention a mandatory minimum sentence under the statute. . . ." Appellant's Brief at 13.

[6] I note that the same judge of the Court of Common Pleas of Jefferson County imposed Appellant's judgment of sentence following the revocation of his probation and denied Appellant's subsequent PCRA petition.

THE COURT: Well, I reviewed the presentence investigation, the attached original presentence by Mr. Pierce and your sentence to state prison, the attached criminal complaint and affidavit of probable cause for the new charges regarding Devan Knapp's death which were filed in Clarion County, the notice of new charges filed by the State Board of Probation and Parole, the sentence given by Judge Arner regarding that case, the presentence investigation of Clarion County which is attached. . . . ultimately, the probation recommendation for me to go with it, if I understand it correctly, it would essentially be an additional 5 to 15 years beyond the sentence you received for Ms. Knapp's death as a result of a drug delivery . . .

N.T., 9/18/13, at 3. My review reflects that none of the documents mentioned by the probation revocation court are included in the certified record for our review. Accordingly, I respectfully dissent with regard to the second issue and would remand for clarification.